UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SONY MARISOL ORTEGA DUARTE,

                Plaintiff,

-against-

HIGHLAND LIGHT STEAM LAUNDRY INC.,

                Defendants.

21-CV-0990 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

      Plaintiff brings this action *pro se* action and *in forma pauperis* ("IFP"). By order dated February 16, 2021, the Court granted Plaintiff leave to either refile her complaint, which was written in Spanish, with an English translation, or file an amended complaint in English. (ECF 4.) On April 2, 2021, the Court received an amended complaint in English. For the reasons set forth below, the Court grants Plaintiff leave to file a second amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff brings her claims using the Court's amended complaint for employment discrimination form. She checks the box on the form to assert claims under the New York City Human Rights Law but does not check any of the boxes to assert claims under any federal antidiscrimination statutes. (ECF 5, at 1.) On the section of the form asking her to list the discriminatory conduct forming the basis of her complaint, Plaintiff checks the box for "[r]etaliation." (*Id.* at 2.)

The facts section of the amended complaint form states in its entirety, "I used to be absent due to my children. My work place is a huge place and with a lot of employees who are able to

2

take my work over." (*Id.* at 3.) Plaintiff indicates that the alleged discriminatory acts occurred on April 2, 2019, and she checks the box to assert that Defendant "is still committing these acts against" her. (*Id.* at 3.)

Plaintiff writes that she does not remember the date on which she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and she checks the box to indicate that the EEOC "has not issued a Notice of Right to Sue letter." (*Id.* at 4.)

## DISCUSSION

### A. Rule 8

Plaintiff's bare allegations that she was absent from work because of her children and that her employer retaliated against her do not state a claim for a violation of Plaintiff's rights. The amended complaint does not include any facts about what defendants did or failed to do that violated Plaintiff's rights. Plaintiff's amended complaint thus fails to comply with Rule 8 of the Federal Rules of Civil Procedure as she has not alleged any facts showing that she is entitled to relief.

### B. Family and Medical Leave Act of 1993 ("FMLA")

Because Plaintiff's allegations suggest she may have missed work because of family obligations, the Court construes the amended complaint as an attempt to assert claims under the FMLA.[1] The FMLA provides that certain eligible employees are "entitled to a total of 12 work weeks of leave during any 12-month period" for any one of several reasons enumerated in the Act. *See* 29 U.S.C. § 2612(a)(1). The FMLA covers, among other things, leave that is necessary "[b]ecause of the birth of a son or daughter of the employee in order to care for such son or

---

[1] The Court also notes that in her original complaint, Plaintiff checked the box on the form to assert claims under the FMLA.

3

daughter," *id.* § 2612(a)(1)(A), or "[i]n order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition" *id.* § 2612(a)(1)(C).

An employee who takes approved FMLA leave generally has the right to return to the same position that the employee held before taking leave, or to an "equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." *Id.* § 2614(a)(1)(B); *Woods v. START Treatment & Recovery Centers, Inc.*, 864 F.3d 158, 166 (2d Cir. 2017). The FMLA "creates a private right of action to seek both equitable relief and money damages against any employer . . . should that employer interfere with, restrain, or deny the exercise of FMLA rights." *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 174 (2d Cir. 2006) (internal quotation marks omitted). Thus, a plaintiff can bring claims against an employer either for interfering with the exercise of FMLA rights or for retaliating against an employee who does exercise FMLA rights. *See Potenza v. City of New York*, 365 F.3d 165, 167 (2d Cir. 2004) (per curiam); *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 424 (2d Cir. 2016).

Here, Plaintiff alleges that she "used to be [a]bsent" from work "[d]ue to her children" and that her employer retaliated against her, but she fails to state whether she requested or was approved for leave under the FMLA or what her employer did or failed to do that violated her rights or constituted retaliation under the FMLA. Plaintiff thus fails to state a claim under the FMLA.

The Court grants Plaintiff leave to amend her complaint to provide facts showing how Defendant violated her rights under the FMLA.[2]

---

[2] Plaintiff alleges in the amended complaint that she does not remember when she received a Notice of Right to Sue from the EEOC, but she also checks the box on the form to indicate that she did not exhaust her administrative remedies. (ECF 3-4.) In any event,

4

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In an abundance of caution, the Court grants Plaintiff another opportunity to amend her pleading to detail her claims.

Plaintiff is granted leave to submit a second amended complaint to provide more facts about her claims. In the "Statement of Claim" section of the second amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the second amended complaint that Plaintiff wants the Court to consider in deciding whether the second amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

---

exhaustion of administrative remedies is not required prior to filing a claim under the FMLA. *See* 29 U.S.C. § 2617(a)(2); *Manos v. Geissler*, 377 F. Supp. 2d 422, 427 (S.D.N.Y. July 18, 2005) ("[T]he FMLA dos not require an exhaustion of administrative remedies prior to initiation of a lawsuit under its provisions.").

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's second amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's second amended complaint will completely replace, not supplement, the amended complaint, any facts or claims that Plaintiff wants to include from the amended complaint must be repeated in the second amended complaint.

Plaintiff may wish to consider contacting the New York Legal Assistance Group's (NYLAG) Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this Court. The NYLAG clinic can provide translation services. A copy of the flyer with details of the clinic is attached to this order. The clinic is currently **only** available by telephone.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file a second amended complaint that complies with the standards set forth above. Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 21-CV-0990 (LLS). A

Second Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the action will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:    May 3, 2021
            New York, New York

                                                        _Louis L. Stanton_
                                                          LOUIS L. STANTON
                                                               U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s).)*

    -against-

_____

_____

_____
*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. Typically, the company or organization named in your charge to the Equal Employment Opportunity Commission should be named as a defendant. Addresses should not be included here.)*

**SECOND AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

Jury Trial: ☐ Yes ☐ No
*(check one)*

___ Civ. _____ ( ___ )

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

    _____     Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
                ***NOTE:*** *In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

    _____     Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
                ***NOTE:*** *In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.*

    _____     Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
                ***NOTE:*** *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

    _____     New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

    _____     New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

**I. Parties in this complaint:**

A. List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name _____
             Street Address _____
             County, City _____
             State & Zip Code _____
             Telephone Number _____

B. List all defendants' names and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant    Name _____
             Street Address _____
            County, City _____
            State & Zip Code _____
            Telephone Number _____

C. The address at which I sought employment or was employed by the defendant(s) is:

        Employer _____
        Street Address _____
        County, City _____
        State & Zip Code _____
        Telephone Number _____

**II. Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case, including relevant dates and events. Describe how you were discriminated against. If you are pursuing claims under other federal or state statutes, you should include facts to support those claims. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

    _____    Failure to hire me.

    _____    Termination of my employment.

    _____    Failure to promote me.

    _____    Failure to accommodate my disability.

    _____    Unequal terms and conditions of my employment.

    _____    Retaliation.

  _____  Other acts *(specify)*: _____.

  *Note:* Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.

B. It is my best recollection that the alleged discriminatory acts occurred on: _____.
                                     *Date(s)*

C. I believe that defendant(s) *(check one)*:

  _____  is still committing these acts against me.

  _____  is not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

  ☐ race _____  ☐ color _____

  ☐ gender/sex _____  ☐ religion_____

  ☐ national origin _____

  ☐ age. My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

  ☐ disability or perceived disability, _____ *(specify)*

E. The facts of my case are as follow *(attach additional sheets as necessary)*:

_____
_____
_____
_____
_____
_____
_____

  *Note:* As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.

### III. Exhaustion of Federal Administrative Remedies:

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date)*.

B. The Equal Employment Opportunity Commission *(check one)*:

   _____ has not issued a Notice of Right to Sue letter.

   _____ issued a Notice of Right to Sue letter, which I received on _____ *(Date)*.

  *Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.  Only litigants alleging age discrimination must answer this Question.

  Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

   _____ 60 days or more have elapsed.

   _____ less than 60 days have elapsed.

## IV.  Relief:

**WHEREFORE**, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_____
_____
*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this \_\_\_ day of _____, 20\_\_\_.

        Signature of Plaintiff  _____

        Address       _____

                  _____

                  _____

                  _____

        Telephone Number  _____

        Fax Number *(if you have one)*  _____

# Notice For Pro Se Litigants



As a public health precaution, the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants has temporarily suspended all in-person client meetings as of Tuesday, March 17, 2020.

Limited scope legal assistance will continue to be provided, but only by appointment and only over the phone. During this time, we cannot assist walk-in visitors to the clinic.

If you need the assistance of the clinic, please call <u>212-659-6190</u> and leave a message, including your telephone number, and someone will get back to you as soon as possible. If you do not leave a message with your telephone number, we cannot call you back.

Please be patient because our responses to your messages may be delayed while we transition to phone appointments.

